**Kenneth Duane AGTUCA, Petitioner—Appellant,**

v.

**Kathryn BAIL, Chair, ISRB; Joseph Lehman, Respondents—Appellees.**

**No. 02–35756.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2003.

Decided June 13, 2003.

Before: HUG, B. FLETCHER, and MCKEOWN, Circuit Judges.

MEMORANDUM *

Kenneth Duane Agtuca asks us to hold that Washington state statutes grant a prisoner a liberty interest in receiving a "certificate of discharge" for a given conviction as soon as the sentence for that conviction has been served. He urges that this liberty interest exists regardless of whether a prisoner remains incarcerated after the completion of the sentence for a discrete conviction, as may occur when, as in Agtuca's own case, a prisoner is serving sentences concurrently. The state's Indeterminate Sentence Review Board ("ISRB") exercised its discretion not to issue a certificate of discharge to Agtuca, given his circumstances. Agtuca argues that this refusal to acknowledge that he

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

had finished serving a sentence violates his right to due process.

Because Agtuca did not raise a federal law claim, whether there is a due process violation hinges on an alleged violation of state law, and we are bound by the determination of the state court as to the meaning of its own statutes. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). In deciding Agtuca's direct appeal, the state court of appeals interpreted the statutes in question as granting the ISRB discretion as to whether to issue or withhold a certificate of discharge when a prisoner remains incarcerated on other convictions. It concluded that, because the issuance of a certificate is discretionary, Agtuca has no liberty interest. We affirm the district court's denial of the writ. The petition is

**DENIED.**